**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PATRICK BERGSRUD,<br><br>        Plaintiff(s),<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>        Defendant(s). | 2:13-CV-998 JCM (VCF) |

**ORDER**

Presently before the court is plaintiff Patrick Bergsrud's motion to remand to state court. (Doc. # 8). Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Bank of America, N.A. filed a response (doc. # 17) to which defendant Saxon Mortgage Company joined (doc. # 19). Plaintiff filed a reply. (Doc. # 18).

**I.     Background**

Ocwen removed this action from state court pursuant to 28 U.S.C. § 1441(b). Ocwen cited this court's diversity jurisdiction, 28 U.S.C. § 1332, as the basis for removal.

This case arises out of plaintiff's claim that defendants wrongfully foreclosed upon his home on January 20, 2012. In this case, plaintiff seeks quiet title to the property in question as well as other forms of relief.

Plaintiff's complaint in this case was originally filed in Clark County District Court on April 4, 2013. Prior to the filing of plaintiff's complaint, a separate eviction proceeding had been

**James C. Mahan**
**U.S. District Judge**

commenced against plaintiff in Las Vegas Justice Court. This proceeding was dismissed on June 17, 2013.

**II. Discussion**

Plaintiff bases the instant motion entirely upon the "prior-exclusive-jurisdiction doctrine." This doctrine holds that, "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 2013 WL 2364178 (Nev. 2013) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)).

Departing from the ordinary application of this doctrine, plaintiff requests that the court remand this case on the basis of the prior-exclusive-jurisdiction doctrine even though the state court action regarding the property has been dismissed. In support of his argument, plaintiff refers to cases stating, "The unilateral activity of another person cannot satisfy the requirement of contact between an out of state defendant and the forum" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980). Plaintiff states that because defendants are trying to avoid the application of the prior-exclusive-jurisdiction doctrine by dismissing their action in state court, that they should be "estopped from unilaterally creating jurisdiction."

However, plaintiff fails to recognize that the concerns embodied in the "minimum contacts" doctrine are very different than those of the prior-exclusive-jurisdiction doctrine. Cases such as *World-Wide Volkswagen* make clear that a plaintiff's unilateral actions cannot create jurisdiction because of the due process concerns inherent in requiring a party to defend himself in a forum with which he has made no intentional contact, and in which he cannot "reasonably anticipate being haled into court." *World-Wide Volkswagen*, 444 U.S. at 297.

In stark contrast, the purpose of the prior-exclusive-jurisdiction doctrine is "the maintenance of comity between courts; such harmony is especially compromised by state and federal judicial systems attempting to assert concurrent control over the *res* upon which jurisdiction of each depends." *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989).

While unilateral action by a plaintiff to establish a defendant's minimum contacts contravenes due process, unilateral action voluntarily dismissing a state court case raises no similar

**James C. Mahan**
**U.S. District Judge**

- 2 -

concerns. Furthermore, a party's dismissal of a state court action involving property that is at the heart of an ongoing case in federal court alleviates problems of federalism and possible discord between the courts. For this reason, plaintiff's arguments relating to "unilateral action" are entirely misplaced in the context of the prior-exclusive-jurisdiction doctrine.

Therefore, because the action in Nevada state court involving the property that is at the heart of this case has been dismissed, the prior-exclusive jurisdiction doctrine does not apply and plaintiff's motion will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's amended motion to remand (doc. # 8) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to remand (doc. # 7) be, and the same hereby is, DENIED.

DATED January 23, 2014.

_____
UNITED STATES DISTRICT JUDGE