1
2
3
4
5
6       **UNITED STATES DISTRICT COURT**
7            **DISTRICT OF NEVADA**
8   | PATRICK BERGSRUD,              2:13-CV-998 JCM (VCF)
9   |
    |              Plaintiff(s),
10  |
    | v.
11  |
    | BANK OF AMERICA, N.A., et al.,
12  |
    |              Defendant(s).
13

14                        **ORDER**

15      Presently before the court is defendants Ocwen Loan Servicing, LLC and Bank of America,

16  N.A.'s motion to dismiss (doc. # 5) to which defendant Saxon Mortgage Corporation joined (doc.

17  # 9). Pursuant to stipulation by the parties, plaintiff Patrick Bergsrud had until January 31, 2014, to

18  file a response to this motion. (Doc. # 13). To date, plaintiff has failed to file a response.

19  **I.      Background**

20      This matter concerns real property located at 8311 Farm Road, Las Vegas, Nevada 89131,

21  Parcel No. 125-16-301-003 ("the property"). The property was financed by Rhonda Bergsrud on

22  January 30, 2004, when she executed a fixed/adjustable rate note, in which she promised to pay

23  Countrywide Bank the sum of $409,600.00.

24      Ms. Bergsrud also executed a deed of trust on January 30, 2004, which was recorded on

25  February 6, 2004, to secure her payment obligation under the note. The deed of trust named

26  Countrywide Bank as the lender, with Mortgage Electronic Registration Systems Inc. ("MERS") as

27  the beneficiary acting solely as nominee for Countrywide Bank and its successors and assigns.

28

**James C. Mahan**
**U.S. District Judge**

On or about February 24, 2010, a notice of default and election to sell was recorded by MERS for Ms. Bergsrud's failure to make all payments as required under the note and deed of trust.

Also on or about February 24, 2010, MERS executed an assignment of the deed of trust, transferring it to BAC Home Loans Servicing, LP ("BAC"). The assignment was recorded on March 8, 2010, in the official records of Clark County, Nevada.

On or about August 27, 2010, plaintiff and Ms. Bergsrud finalized a previously filed divorce action and a decree of divorce was entered. Pursuant to the decree of divorce, Plaintiff was awarded the property. Several days later, on September 3, 2010, Recontrust recorded a notice of trustee's sale.

On or about September 30, 2010, plaintiff executed and recorded a grant deed, transferring to an individual named John Hammer a 1% interest in the property. According the language of the grant deed, the transfer was "a bona fide gift and the grantor received nothing in return." Prior to the time of the transfer, Mr. Hammer had filed a Chapter 13 bankruptcy proceeding on August 14, 2007, in the U.S. Bankruptcy Court, District of Arizona.

On November 16, 2011, Recontrust filed a second notice of trustee's sale, setting the foreclosure sale for December 6, 2011. The sale was postponed until January 6, 2012, when the property was sold via credit bid to defendant Bank of America ("BANA") for $391,000.00. A trustee's deed upon sale was recorded on March 12, 2012.

On or about April 5, 2012, BANA instituted an unlawful detainer proceeding in Las Vegas Justice Court against plaintiff. The case was later voluntarily dismissed by BANA on August 9, 2012. In April, 2012, Saxon transferred the servicing rights to the loan to defendant Ocwen Loan Servicing ("Ocwen"), and Ocwen began servicing the loan on behalf of BANA.

In the instant action, plaintiff brings claims against defendants for wrongful foreclosure/quiet title, wrongful trespass, intentional infliction of emotional distress, and abuse of process. Plaintiff seeks quiet title, an injunction, actual and punitive damages, as well as attorneys fees and costs as relief.

**II.    Legal standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

James C. Mahan
U.S. District Judge

- 2 -

be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
2  be subjected to the expense of discovery and continued litigation." *Id.*

3  **III.    Discussion**

4            **a. Quiet Title/Wrongful Foreclosure**

5            It has long been established that a quiet title claim requires a plaintiff to allege that a
6  defendant is unlawfully asserting an adverse claim to title to real property. *Union Mill & Mining Co.*
7  *v. Warren*, 82 F. 519, 520 (D. Nev. 1897); *Clay v. Scheeline Banking & Trust Co.*, 159 P. 1081, 1082
8  -83 (Nev. 1916).

9            Moreover, "an action to quiet title requires a plaintiff to allege that he has paid any debt owed
10 on the property. Essentially, he who seeks equity must do equity." *See Viloria v. Premium Capital*
11 *Funding LLC*, 2012 WL 4361252 at *3 (D. Nev. 2012) (internal citations and quotations omitted).

12           In a wrongful foreclosure action, the borrower must "establish that at the time the power of
13 sale was exercised or the foreclosure occurred, no breach of condition or failure of performance
14 existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise
15 of power of sale." *Collins v. Union Federal Sav. & Loan Ass'n.*, 662 P.2d 610, 623 (Nev. 1983); *See*
16 *also Pimental v. Countrywide Home Loans, Inc.*, 2011 WL 2619093 (D. Nev. 2011) ("Nevada
17 recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender wrongfully
18 exercised the power of sale and foreclosed upon his or her property when the mortgagor was not in
19 default on the mortgage loan.").

20           Plaintiff's first cause of action for both quiet title and wrongful foreclosure fails as a matter
21 of law because plaintiff does not allege that the loan was not in default at the time of the foreclosure
22 sale. Both causes of action require that plaintiff allege that the underlying debt has been paid.

23           Here, the complaint contains no allegation that the underlying debt has been paid, cured, or
24 even that plaintiff is willing to cure the debt. As such, plaintiff's first cause of action fails as a matter
25 of law and will be dismissed without prejudice.

26 . . .

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

1    Additionally, though plaintiff implies in the complaint that the foreclosure was wrongful

2    because part of the interest in the property was owned by an individual in the midst of bankruptcy

3    proceedings, these allegations have no bearing on the instant case. The automatic stay provisions of

4    the bankruptcy code are designed to protect debtors only, and do not afford non-parties to the

5    bankruptcy case any rights. *In re Brooks*, 79 B.R. 479, 481 (Bankr. N.D. Cal. 1983) ("the automatic

6    stay operates in favor of debtors and estates [and] gives … other parties interested in the property

7    no substantive procedural rights."). As plaintiff has no connection to the bankruptcy proceedings

8    other than the fact that the debtor also possessed an interest in the property, plaintiff lacks standing

9    to raise the argument that the foreclosure was subject to the stay.

10       **b. Trespass**

11    To state a claim for trespass in Nevada, a plaintiff must show that a property right was

12    invaded. *Lied v. Clark County*, 579 P.2d 171, 173 (Nev. 1978). There is no invasion of a property

13    right if the invader was acting pursuant to a privileged right of entry. *See, e.g.*, *Winchell v. Schiff*, 193

14    P.3d 946, 952 (Nev. 2008) (finding no trespass where party had right of entry pursuant to parties'

15    lease agreement).

16    Here, plaintiff's cause of action for trespass rests upon the assertion that the foreclosure was

17    invalid due to the pending bankruptcy. Because, as previously discussed, plaintiff has no standing

18    to assert that the bankruptcy stay invalidated the foreclosure, his claim that BANA wrongfully

19    entered the property fails and will be dismissed without prejudice.

20       **c. Intentional Infliction of Emotional Distress**

21    To establish a valid claim for intentional infliction of emotional distress under Nevada law,

22    a plaintiff must allege "(1) extreme and outrageous conduct on the part of the defendant; (2) intent

23    to cause emotional distress or reckless disregard for causing emotional distress; (3) that the plaintiff

24    actually suffered extreme or severe emotional distress; and (4) causation." *Miller v. Jones*, 970 P.2d

25    571, 577 (Nev. 1998).

26    . . .

27    . . .

28

**James C. Mahan**
**U.S. District Judge**

1    Plaintiff's complaint does not properly allege all the elements of this claim against BANA.

2    There are no allegations of "extreme" or "outrageous" conduct on the part of BANA, or that BANA

3    acted with intent or recklessness likely to cause emotional distress. Accordingly, this claim will be

4    dismissed without prejudice.

5    **d. Abuse of process**

6    An abuse of process claim requires "(1) an ulterior purpose by the defendants other than

7    resolving a legal dispute, and (2) a willful act in the use of legal process not proper in the regular

8    conduct of that proceeding." *LaMantia v. Redisi*, 38 P.2d 877, 879 (Nev. 2002). There is "no liability

9    where the defendant has done nothing more than carry out the process to its authorized conclusion.

10   . . ." *Ralphaeson v. Ashtonwood Stud Asoc., L.P.*, 2009 WL 2382765 * 3 (D. Nev. 2009).

11   Here, plaintiff's claim for abuse of process is based entirely on the allegation that BANA

12   caused an eviction action to be filed against plaintiff following the foreclosure sale. There is no

13   liability for abuse of process by merely filing an eviction complaint. The eviction action was an

14   entirely appropriate use of the "legal process [] proper in the regular conduct of that proceeding." *See*

15   *LaMantia v. Redisi*, 38 P. 2d at 879. Indeed, the allegations in the complaint show that BANA did

16   "nothing more than carry out the process to its authorized conclusion." *See Ralphaeson v.*

17   *Ashtonwood Stud Assoc., L.P.*, 2009 WL 2382765 at *3.

18   Moreover, plaintiff has not alleged any specific "ulterior purpose" to BANA's eviction

19   action. Plaintiff makes a bare bones allegation that "it was done with an ulterior motive in exercising

20   such a use of the process." (Doc. # 61-1 p. 10) This type of legal conclusion couched as a factual

21   allegation is insufficient to survive a motion to dismiss. Accordingly, plaintiff's claim for abuse of

22   process will be denied without prejudice.

23   **e. Preliminary injunction**

24   Because plaintiff fails to sufficiently state a claim based on his substantive causes of action

25   the court finds that plaintiff is not likely to succeed on the merits, and therefore a preliminary

26   injunction is not appropriate. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20

27   (2008).

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1    **e. Other claims**

2    Plaintiffs remaining "claims" for setting aside the foreclosure and for attorneys fees are

3    actually requests for relief based on the other causes of action in the complaint. As such, the court

4    will dismiss these claims without prejudice.

5    Accordingly,

6    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to

7    dismiss (doc. # 5) be, and the same hereby is, GRANTED.

8    IT IS FURTHER ORDERED that plaintiff's complaint is DISMISSED WITHOUT

9    PREJUDICE.

10   DATED February 18, 2014.

11

12   _____

13   **UNITED STATES DISTRICT JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**