1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PATRICK BERGSRUD, | 2:13-CV-998 JCM (VCF) |
| Plaintiff(s), | |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is plaintiff's motion (doc. # 23) to set aside the court's order dismissing the complaint in this action, (doc. # 22). Per a stipulation by the parties, plaintiff had until January 30, 2014, to file a response to defendants' motion to dismiss. On February 19, 2014, the court granted the motion to dismiss based on plaintiff's failure to file an opposition.

On April 16, 2014, seventy-six days after the response deadline passed, plaintiff filed the instant motion, asserting that his failure to file a timely response was the result of excusable neglect. On May 16, 2014, plaintiff filed a reply regarding the instant motion and separately moved for leave to file a supplemental declaration supporting his request to set aside the court's dismissal order. (Doc. # 27). Magistrate Judge Ferenbach subsequently granted this request and ordered that defendants had until July 8, 2014 to file a supplemental response. (Doc. # 30). As this deadline has passed, this matter is now ripe for the court's review.

Plaintiff asks this court to set aside its order of dismissal upon the ground of excusable neglect. However, plaintiff has failed to offer any justifiable explanation as to why he failed to file

**James C. Mahan**
**U.S. District Judge**

an opposition to the motion. Plaintiff states that his counsel did not receive notice of the court's dismissal order until April 9, 2014, but this explanation only makes plaintiff's failure more befuddling, as it implies that plaintiff allowed sixty-nine days to elapse after the response deadline before he checked on the status of the case.

Furthermore, weighing the factors identified in *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997), the court finds that the plaintiff has not set forth any evidence to establish "excusable neglect" in order to grant relief from his failure to file an opposition to defendants' motion to dismiss.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion, (doc. # 23), to set aside the court's dismissal order be, and the same hereby is, DENIED.

DATED August 1, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 2 -